UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yellow Pages, Inc.,<br><br>                Plaintiff,<br><br>  - against -<br><br>Idearc Media Corp.,<br><br>                Defendant. | Case No.:    07 CV 06221 (SCR)<br><br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IDEARC MEDIA CORP.'S MOTION TO DISMISS

Eric F. Leon (EL 5780)
Jacquelyn M. Rasulo (JR 9261)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Attorneys for Defendant
IDEARC MEDIA CORP.

# TABLE OF CONTENTS

FACTUAL ALLEGATIONS .................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

      I.      YPI'S COMPLAINT FAILS TO PLEAD EVEN THE MOST BASIC
             ELEMENTS OF A BREACH OF CONTRACT CLAIM. ..................................... 3

CONCLUSION ........................................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) ...............................................................................3

*Highlands Ins. Co. v. PRG Brokerage, Inc.*,
    01 Civ. 2272(GBD), 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) ...............................4

*Iqbal v. Hasty*, --- F.3d ---,
    2007 WL 1717803, at *9 (2d Cir. June 14, 2007).............................................................3

*McCarthy v. Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007) ...............................................................................3

*Ritchie Capital Mgmt. v. Coventry First LLC*,
    No. 07 Civ. 3494(DLC), 2007 WL 2044656, at *3 (S.D.N.Y. July 17, 2007)...................3

*Ross v. FSG PrivatAir Inc.*,
    03 Civ. 7292(NRB), 2004 WL 1837366, at *3 (S.D.N.Y. Aug. 17, 2004).........................3

*Sobek v. Quattrochi*,
    03 Civ.10219(RWS), 2004 WL 2809989, at *3 (S.D.N.Y. Dec. 8, 2004).........................3

*Zaro Licensing, Inc. v. Cinmar, Inc.*,
    779 F. Supp. 276, 286 (S.D.N.Y. 1991) ...............................................................3

**Statutes**

FED. R. CIV. P. 11(a) ...............................................................................................5

Fed. R. Civ. P. 12(b)(6) ....................................................................................1, 2, 5

Defendant Idearc Media Corp. (hereinafter "Idearc") respectfully requests that this Court grant its motion to dismiss this action in its entirety for failing to state a claim upon which relief can be granted. While Plaintiff Yellow Pages, Inc. (hereinafter "YPI") seemingly purports to bring a claim for breach of contract, it fails to satisfy the most basic pleading requirements of such a claim. Among other pleading deficiencies, YPI fails to identify the supposed contract or the contract terms that Idearc allegedly violated; it fails to allege how Idearc supposedly breached this unspecified contract; and it fails to explain how Idearc's alleged breach somehow caused YPI $1,000,000 in damages. Instead of well-pleaded allegations, YPI's Complaint offers only bald contentions, unsupported characterizations and conclusory allegations. That is not enough to survive a motion to dismiss. Therefore, YPI's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL ALLEGATIONS

As alleged in YPI's Complaint, Idearc is a Texas-based publisher of printed yellow pages directories distributed throughout the United States. (Rasulo Dec.; Ex. A, Complaint, at ¶¶ 4-5.) The yellow pages directories published by Idearc include those previously published by Verizon.[1]  (*Id.* at ¶ 4.)  Idearc is a member of the Yellow Pages Publishers Association (hereinafter "YPPA"), (*Id.* at ¶ 6), which promulgates by-laws and guidelines for YPPA members. (*Id.* at ¶ 7.)

YPPA's guidelines contain two classifications of yellow pages advertising -- local and national. (*Id.* at ¶ 9-10.) An account seeking yellow pages advertising, according to YPPA, qualifies as local or national depending on the number of publishers involved in its advertising, the number of directories involved, the number of states receiving its advertising, and the percentage of the account's revenue that is spent outside of its primary state for yellow pages advertising. (*Id.* at ¶ 9). YPPA's by-laws and guidelines provide that "all members agree, upon

---

[1]  In October 2006, Verizon Directories Corp. (hereinafter "Verizon") changed its name to Idearc Media Corp.

acceptance into the Association, to adhere to the bylaws, rules, and guidelines of the Association." (*Id.* at ¶ 15.) In addition to these by-laws and guidelines, member publishers may "promulgate contracts including specific additional terms governing the publication of yellow pages advertising within their directories." (*Id.* at 16.)

Accounts that qualify as national are permitted to place their yellow pages advertising through a "Certified Marketing Representative" (hereinafter "CMR"), rather than having to negotiate and place advertisements with each yellow pages publisher on a local basis. (*Id.* at ¶ 11.) According to the Complaint, YPI is a New York-based CMR that has been engaged in the business of soliciting and selling national yellow pages advertising for more than fifteen years. (*Id.* at ¶¶ 1-2, 13.)

In or about December 2006, Idearc notified all CMRs of its intention to modify its national account qualifications as of January 19, 2007. (*Id.* at ¶ 21.) Included within this modification was the non-qualification of advertising accounts whose basis for qualification was membership in a "Group Purchasing Organization" (hereinafter "GPO") -- national associations whose members did not individually qualify for national account treatment, but whose advertising was accepted on such basis due to its affiliation with YPPA. (*Id.* at ¶¶ 19, 22.)

The crux of YPI's Complaint appears to be that Idearc failed to accord national account status to certain yellow pages advertising that YPI submitted on behalf of a GPO. (*Id.* at ¶ 26.) YPI baldy asserts, without any factual support whatsoever, that this action by Idearc somehow constituted a "violation, breach and derogation of the contract between YPI and [Idearc]." (*Id.*) YPI further asserts, again without any factual support, that it "has sustained and continues to sustain loss, damage, and injury," including both economic damage and harm to reputation. (*Id.* at ¶¶ 29-30.) Based on these wholly conclusory allegations, YPI demands judgment against Idearc for, among other things, $1,000,000. (*Id.* at ¶ 30.)

## ARGUMENT

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of

the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Federal courts have long warned, however, that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted).  A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*." *Iqbal v. Hasty*, --- F.3d ---, 2007 WL 1717803, at *9 (2d Cir. June 14, 2007) (discussing *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69 (2007) (emphasis in original) (Rasulo Dec.; Ex. B); *Ritchie Capital Mgmt. v. Coventry First LLC*, No. 07 Civ. 3494(DLC), 2007 WL 2044656, at *3 (S.D.N.Y. July 17, 2007) (Rasulo Dec.; Ex. C).

## I.    YPI'S COMPLAINT FAILS TO PLEAD EVEN THE MOST BASIC ELEMENTS OF A BREACH OF CONTRACT CLAIM.

As best Idearc can discern, YPI's Complaint attempts to state a claim for breach of contract.  That attempt fails.  To state a claim for breach of contract, a plaintiff adequately must allege "at a minimum, the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion." *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 286 (S.D.N.Y. 1991); *see also Sobek v. Quattrochi*, 03 Civ.10219(RWS), 2004 WL 2809989, at *3 (S.D.N.Y. Dec. 8, 2004) (a complaint "must set forth the terms of the agreement upon which liability is predicated") (citation omitted) (Rasulo Dec.; Ex. D); *Ross v. FSG PrivatAir Inc.*, 03 Civ. 7292(NRB), 2004 WL 1837366, at *3 (S.D.N.Y. Aug. 17, 2004) ("[w]hile 'a plaintiff is not required to attach a copy of the contract or to plead its terms verbatim,' a complaint in a breach of contract action must nevertheless 'set forth the terms of the agreement upon which liability is predicated'") (citations omitted) (Rasulo Dec.; Ex. E).  YPI's Complaint does not come close to satisfying these pleading requirements.

*First*, YPI's Complaint fails to allege the most basic element of a breach of contract claim -- the existence of a contract.  Indeed, YPI never even identifies the contract, let alone the specific contractual provisions, that Idearc supposedly breached.  Nor does YPI attach

a copy of the alleged contract to its Complaint.  The only reference to any type of contract appears in Paragraph 26 of the Complaint, where YPI asserts that Idearc breached some unidentified "contract between YPI and [Idearc]." (*See* Rasulo Dec.; Ex. A at ¶ 26.) This vague and unspecified allegation is not nearly sufficient to survive a motion to dismiss. *See Highlands Ins. Co. v. PRG Brokerage, Inc.*, 01 Civ. 2272(GBD), 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be dismissed . . . as being 'too vague and indefinite,' where the plaintiff fails to allege, in nonconclusory fashion, 'the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated.'") (citation omitted) (Rasulo Dec.; Ex. F); *Ross* at *3 (dismissing contract claim where complaint "fails to denote the 'essential terms of the parties' purported contract") (citations omitted) (Rasulo Dec.; Ex. E).

*Second*, YPI's Complaint never alleges how Idearc supposedly breached the contract at issue.  As noted above, a breach by the defendant is an essential element of any claim for breach of contract.  Yet, here, there is no allegation of any conduct by Idearc that somehow constituted a breach of the supposed contract.  This pleading deficiency, in and of itself, warrants the dismissal of YPI's Complaint.

*Third*, YPI's Complaint fails to disclose how YPI allegedly was damaged by Idearc's breach of the supposed contract.  YPI baldly asserts that it is entitled to judgment "in the amount of $1,000,000, plus interest, disbursements and attorneys' fees." (*See* Rasulo Dec.; Ex. A at ¶ 30.)  YPI, however, never provides any explanation as to how it allegedly incurred such

-4-

significant damage. YPI's failure to adequately allege damages is fatal to its Complaint. For this reason alone, YPI's Complaint should be dismissed.[2]

## CONCLUSION

For the foregoing reasons, Idearc respectfully requests that this Court dismiss this matter for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  July 26, 2007

_____s/_____
Eric F. Leon (EL 5780)
Jacquelyn M. Rasulo (JR 9261)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Attorneys for Defendant
IDEARC MEDIA CORP.

---

[2]   It is worth noting that YPI's Complaint is also defective under Rule 11(a) because it has not been signed by at least one of YPI's attorneys. FED. R. CIV. P. 11(a) ("Every pleading, written motion, or other paper shall be signed by at least one attorney of record in the attorney's individual name . . . ."). Unless YPI corrects this omission in a timely manner, Idearc requests that this Court strike YPI's Complaint pursuant to the Federal Rules. *Id.* ("An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.").