104 —Summons without Notice, Blank Court
Personal or Substituted Service. 12 pt. type, 4-94

Blumberg Excelsior, Publisher, NYC 10013

Supreme COURT Of New York
COUNTY OF Rockland

**FILED MC**

JUN - 8 2007

ROCKLAND COUNTY
CLERK'S OFFICE

YELLOW PAGES, INC.,

*Plaintiff(s)*

*against*

IDEARC MEDIA CORP.,

*Defendant(s)*

Index No.
Date purchased

Plaintiff(s) designate(s)
Rockland
County as the place of trial.

# Summons

The basis of the venue is
Plaintiff is located in
Rockland County, New York

Plaintiff(s) reside(s) at 222 North Main Street, New City, New York 10956
County of Rockland

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within          days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in this complaint.

Dated, May 31, 2007

Defendant's address:

Idearc Media Corp.
2200 West Airfield Drive
D/FW Airport, TX 75261-9810

WISS & BOUREGY, P.C.
Attorney(s) for Plaintiff

Office and Post Office Address
30 North William Street
Pearl River, New York, 10965

AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF             ss.:   The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at
That on                      at           M., at
deponent served the within summons,              on                                                                    defendant,

| | | |
|---|---|---|
| INDIVIDUAL 1. ☐ | by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as said defendant therein. | |
| CORPORATION 2. ☐ | a                corporation, by delivering thereat a true copy *of each* to                                personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be                                                                                  thereof. | |
| SUITABLE AGE PERSON 3. ☐ | by delivering thereat a true copy *of each* to                                   a person of suitable age and discretion. Said premises is defendant's--actual place of business--dwelling place--usual place of abode--within the state. | |
| AFFIXING TO DOOR, ETC. 4. ☐ | by affixing a true copy *of each* to the door of said premises, which is defendant's--actual place of business--dwelling place--usual place of abode--within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there | |

MAILING TO RESIDENCE USE WITH 3 OR 4

5A. ☐

Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at
and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS USE WITH 3 OR 4

5B. ☐

Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

DESCRIPTION USE WITH 1,2,or 3 ☐

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

Sworn to before me on

_____
Print name beneath signature

LICENSE NO.: _____

*Index No.*                              COURT Supreme              COUNTY OF Rockland

## Summons

ACTION NOT BASED UPON A CONSUMER CREDIT TRANSACTION

YELLOW PAGES, INC.                             LAW OFFICES OF

*Plaintiff(s)*
              against                          *Attorney(s) for* Yellow Pages, Inc.
                                               *Office and Post Office Address*
IDEARC MEDIA CORP.                             30 North William Street
                                               Pearl River, New York, 10965

*Defendant(s)*

SUPREME COURT OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------x
:
YELLOW PAGES, INC.,             :
:
Plaintiff,       :   Index No.
:
v.                              :
:
:   VERIFIED COMPLAINT
:   under CPLR 3016(f)
IDEARC MEDIA CORP.,             :   AND JURY DEMAND
:
Defendants.      :
:
:
-------------------------------x

**FILED MC**

JUN - 8 2007

ROCKLAND COUNTY
CLERK'S OFFICE

Plaintiff, by its attorney, WISS & BOUREGY, P.C., complaining of defendant, allege upon information and belief that:

### FIRST COUNT

1. The plaintiff, Yellow Pages, Inc. ("YPI"), is a domestic corporation organized pursuant to the laws of the State of New York.

2. YPI maintains an office at 222 North Main Street New City, NY 10956.

3. Upon information and belief, defendant Idearc Media Corp. ("IMC"), is a foreign corporation authorized to do business in the State of New York.

4. IMC maintains and occupies offices at 2200 West Airfield Drive, D/FW Airport, Texas 75261-9810.

5.  IMC is a publisher of printed yellow pages directories distributed to the public without charge primarily within the United States. The yellow pages directories printed and published by IMC include those previously printed and published by Verizon.

6.  IMC is a Publisher Member of the Yellow Pages Publishers Association ("YPPA").

7.  According to YPPA's Bylaws and Guidelines, YPPA's purpose, among other things, is to acquire information for dissemination to members of the Yellow Pages publishing industry to aid in the conduct of their business; to represent the Yellow Pages industry as a whole before various governmental organizations; to promote the use of Yellow Pages directories by local and national advertisers and by consumers; and to provide co-op advertising information, national sales services and other programs and services that facilitate the use of Yellow Pages as an advertising medium.

8.  The core of the U.S. publisher-members of YPPA are the so-called "Baby Bell" companies which publish Yellow Pages directories. Also included as U.S. publisher-members of YPPA are the publishers of certain so-called "independent directories", i.e. non-Baby Bell companies.

9.  There are essentially two classifications of Yellow Pages advertising, i.e. local and national. Through YPPA, a

definition of "national (yellow pages) advertising" was developed, which definition is incorporated into YPPA's Bylaws and Guidelines.

That definition provides as follows:

Whenever an advertising program involves two (2) or more Publishers, is ordered in twenty (20) directories or more and involves at least three (3) states, and 30% of the advertising revenue is in the states outside of the primary state, that advertising program is considered national Yellow Pages advertising.

(the "A" Clause)

10. All Yellow Pages advertising which does not meet the foregoing definition of national advertising is deemed to be "local".

11. Those advertisers whose accounts are deemed "national" are able to place their entire Yellow Pages advertising program through a Certified Marketing Representative ("CMR"), rather than having to negotiate and place their programs separately with each publisher on a local basis.

12. YPPA's Bylaws and Guidelines define a CMR to be "any person, partnership or corporation that solicits and sells national Yellow Pages advertising pursuant to the bylaws and guidelines, and agrees to represent the Association's publisher members in such sales . . .". CMRs are eligible to become members of YPPA, but are not entitled to any voting rights.

13. YPI is a Certified Marketing Representative ("CMR") and has been engaged in the business of soliciting and selling national yellow pages advertising to various advertisers for more than fifteen (15) years.

14. *De facto*, if not *de jure*, YPPA is the system of National Yellow Pages advertising within the United States. The vast majority, if not all, national yellow pages advertising is placed with member/publishers of YPPA through CMR members of YPPA.

15. The Bylaws and Guidelines of YPPA provide that "all members agree, upon acceptance into the Association, to adhere to the bylaws, rules and guidelines of the Association."

16. In addition to the YPPA Bylaws and Guidelines, member-publishers of YPPA may promulgate contracts including specific additional terms governing the publication of yellow pages advertising within their directories.

17. The advertising secured by a CMR (including YPI) is then placed for publication in various Yellow Pages directories, including, without limitation, those published by IMC.

18. For many years, Verizon, under its published "terms and conditions", as well as under applicable YPPA guidelines, accepted, as national accounts, the advertising programs of advertisers who did not otherwise meet YPPA's definition of a "national account".

19. Included within the advertising programs which were permitted by YPPA to qualify as national accounts, were accounts commonly referred to as "Group Purchasing Organizations" or "GPOs". In essence, GPOs are national associations whose members did not individually qualify for national account treatment, but whose advertising was accepted on such basis due to its affiliation/enrollment in the national association.

20. When IMC succeeded Verizon as the publisher of those yellow pages directories theretofore published by Verizon, IMC continued the practice of accepting GPO members as national accounts.

21. In or about December 2006, IMC notified all CMRs of its intention to modify its national account qualifications effective as of January 19, 2007. Included within such changes was the non-qualification of advertisers whose basis for qualification was membership in a GPO.

22. Notwithstanding the change in qualifications effective as of January 19, 2007, IMC advised all CMRs that accounts qualified prior to such date would continue to be accepted as national accounts.

23. Prior to January 19, 2007, YPI, on behalf of Geisinger Health System ("GHS"), Clearfield Hospital ("CH") and United Church Homes ("UCH"), submitted yellow pages advertising

programs to IMC for acceptance and publication on a national account basis.

24. At the time of submission, and today, GHS, CH and UCH were members of Amerinet.

25. Prior to January 19, 2007, and, upon information and belief, through the present date, IMC recognized Amerinet as a GPO.

26. In violation, breach and derogation of the contract between YPI and IMC, and notwithstanding the fact that GHS, CH and UCH were members of a recognized GPO, and notwithstanding the fact that all qualifying paperwork for placement of national advertising on behalf of such advertisers was submitted by YPI to IMC prior to January 19, 2007, IMC failed, neglected and refused to accept such advertising on a national account basis.

27. As part of the submittal process, representatives of IMC specifically represented to representatives of YPI that the national yellow pages advertising programs of GHS, CH and UCH, would in fact be accepted.  However, contrary to such representations, warranties, and agreement, the advertising was rejected by IMC.

28. Despite the fact that YPI submitted to IMC the required paperwork in connection with the yellow pages advertising programs of GHS, CH, and UCH prior to January 19, 2007, and despite the fact that representatives of IMC warranted

that such program would be accepted, IMC allowed almost two months to elapse before suggesting that there was any "problem" or "defect" in such paperwork. Moreover, despite repeated demands by YPI for a statement of any such alleged problems or defects, IMC has failed, neglected and refused to provide such an explanation.

29. As a result of the conduct of IMC as aforesaid, YPI has sustained and continues to sustain loss, damage and injury.

30. In addition to the direct economic damages sustained by it, YPI has also sustained damage to its good name and reputation in the industry for which it is entitled to compensation.

**WHEREFORE**, plaintiff, Yellow Pages, Inc., demands judgment against Idearc Media Corp., in the amount of $1,000,000, plus interest, disbursements and attorney's fees, as well as such other relief as may appear just and equitable to this Court under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

          **WISS & BOUREGY, P.C.**


        By: _____
          Raymond R. Wiss, Esq.
          30 North William Street
          Pearl River, New York 10965
          Attorneys for Plaintiff,
          Yellow Pages, Inc.

Dated:  June 5, 2007

VERIFICATION

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF ~~ROCKLAND~~ )
          BERGEN

ROBERT A. GAZZETTA, JR., being duly sworn, deposes and says:

1. I am the President of Yellow Pages, Inc. which is the plaintiff in the within action.

2. I have read the annexed Verified Complaint, know the contents thereof, and the same is true to my own knowledge, except those matters therein, which are stated to be alleged on information and belief, and to those matters, I believe them to be true.

_____
ROBERT A. GAZZETTA, JR., President

Sworn and subscribed to
Before me this 31st day
of May, 2007.

_____
CYNTHIA J. MAUSSEN
NOTARY PUBLIC
My Commission Expires 9/17/2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---------------------------------x
                                 :
                                 :
                                 :  Index No.
YELLOW PAGES, INC.,              :
                                 :
            Plaintiff,           :
                                 :
      v.                         :
                                 :
IDEARC MEDIA CORP.,              :
                                 :
            Defendants.          :
                                 :
                                 :
---------------------------------x

**VERIFIED COMPLAINT UNDER CPLR 3016(f) AND JURY DEMAND**

**Wiss & Bouregy, P.C.**
Attorneys for Plaintiff Yellow Pages, Inc.
30 North William Street
Pearl River, New York 10965
(845) 735-1415