UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yellow Pages, Inc., <br><br> Plaintiff, <br><br> - against - <br><br> Idearc Media Corp., <br><br> Defendant. | Case No.:　　07 CV 06221 (SCR) <br><br> ECF Case |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
IDEARC MEDIA CORP.'S MOTION TO DISMISS**

Eric F. Leon (EL 5780)
Jacquelyn M. Rasulo (JR 9261)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:　　(212) 446-4800
Facsimile:　　(212) 446-4900


Attorneys for Defendant
IDEARC MEDIA CORP.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .............................................................................................................. II

ARGUMENT ..................................................................................................................... 1

    I.     YPI Fails To Plead Even The Most Basic Elements Of A Breach Of Contract Claim To Render Its Claim Plausible. ..................................................... 2

    II.    YPI Should Not Be Permitted To Amend Its Complaint. ....................................... 4

CONCLUSION ................................................................................................................... 5

## TABLE OF AUTHORITIES

CASES

*Achtman v. Kirby, McInerney & Squire, LLP*,
    464 F.3d 328 (2d Cir. 2006) ................................................................... 1, 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. ___, 127 S. Ct. 1955 (2007) ......................................................... 2

*Conley v. Gibson*,
    355 U.S. 41, 78 S. Ct. 99 (1957) ............................................................ 1, 2

*Highlands Ins. Co. v. PRG Brokerage, Inc.*,
    No. 01 Civ. 2272(GBD), 2004 WL 35439 (S.D.N.Y. Jan. 6, 2004) ..................... 2

*Iqbal v. Hasty*,
    490 F.3d 143 (2d Cir. 2007) ................................................................. 1, 2

*Nat'l Union of Hosp. and Health Care Employees, et al. v. Carey*,
    557 F.2d 278 (2d. Cir. 1977) ..................................................................... 4

*Ross v. FSG PrivatAir Inc.*,
    No. 03 Civ. 7292(NRB), 2004 WL 1837366 (S.D.N.Y. Aug. 17, 2004) ............... 3

*Sobek v. Quattrochi*,
    No. 03 Civ. 10219(RWS), 2004 WL 2809989 (S.D.N.Y. Dec. 8, 2004) ............... 3

*Tyler v. Dalsheim*,
    No. 82 Civ. 2467 (MJL), 1985 WL 554 (S.D.N.Y. Apr. 24, 1985) ..................... 4

*Washburn v. Madison Square Garden Corp.*,
    340 F. Supp. 504 (S.D.N.Y. 1972) ............................................................. 4

*Zaro Licensing, Inc. v. Cinmar, Inc.*,
    779 F. Supp. 276 (S.D.N.Y. 1991) ............................................................. 2

OTHER AUTHORITIES

FED. R. CIV. P. 8(a) ...................................................................................... 1

FED. R. CIV. P. 8(a)(2) .................................................................................. 1

FED. R. CIV. P. 12(b)(6) ...................................................................... 1, 3, 4, 5

FED. R. CIV. P. 15(a) .................................................................................... 4

## INTRODUCTION

Despite having filed a thirty-paragraph Complaint and a thirteen-page opposition brief, Plaintiff Yellow Pages, Inc. ("YPI") *still* cannot satisfy the most basic pleading requirements of its breach of contract claim against Defendant Idearc Media Corporation ("Idearc").  In particular, YPI cannot answer any of the following three essential questions:

1.      What were the terms of the contract that Idearc supposedly breached;

2.      How did Idearc breach this alleged contract; and

3.      How did Idearc's supposed breach somehow cause YPI $1,000,000 in damages.

YPI had more than ample opportunity to answer these questions, yet failed to do so.   Accordingly, YPI's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) without leave to amend.

## ARGUMENT

YPI correctly notes that, under Federal Rule of Civil Procedure 8(a), a plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* YPI Br. at 10 (quoting FED. R. CIV. P. 8(a)(2)).  At the same time, such a statement must "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006).  As the Second Circuit stated in the recent decision in *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), a court must apply a "flexible 'plausibility standard,'" which "obliges a pleader to amplify a claim with *some factual allegations* in those contexts where such amplification is needed to render the

claim *plausible*." *Id.* at 157-58 (emphases added). Here, YPI fails to "amplify" its breach of contract claim with any of the facts necessary to render that claim plausible.[1]

## I.     YPI FAILS TO PLEAD EVEN THE MOST BASIC ELEMENTS OF A BREACH OF CONTRACT CLAIM TO RENDER ITS CLAIM PLAUSIBLE.

A plaintiff claiming breach of contract must adequately allege "at a minimum, . . . the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion." *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 286 (S.D.N.Y. 1991) (citation omitted). YPI's Complaint does not satisfy a single one of these pleading requirements, and its opposition brief does nothing to help its cause.

After careful review of YPI's Complaint and its opposition papers, it is still not possible for Idearc to identify what supposed contract it allegedly breached. The closest YPI ever comes to identifying an alleged contract is in its opposition brief, where YPI vaguely asserts that "a contractual agreement, whether its deemed expressed or implied, did exist between YPI and [Idearc] with respect to recognition and adoption of GHS, CH and UCH as national accounts." *See* YPI Br. at 9. YPI's conclusory allegations about some unidentified contract are not nearly enough to survive a motion to dismiss. At a bare minimum, it was incumbent upon YPI to set forth the material terms of this supposed "expressed or implied" contract, and YPI never does. *See, e.g., Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01 Civ. 2272(GBD), 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be dismissed . . . as being 'too vague and indefinite,' where the plaintiff fails to allege, in nonconclusory fashion,

---

[1]   The "flexible plausibility standard" articulated in *Iqbal* stems from the United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007). In the *Bell Atlantic* opinion, the Supreme Court stated that the "no set of facts" language set forth long ago in *Conley v. Gibson*, 355 U.S. at 45-6, 78 S. Ct. at 102, had "earned its retirement." *Bell Atlantic*, 550 U.S. ___, slip op. at 16, 127 S. Ct. at 1969. In its place, the Supreme Court imposed the obligation that a plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 24, 127 S. Ct. at 1974. This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 8-9 (internal citations omitted), 127 S. Ct. at 1959.

'the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated.'") (July 26, 2007 Rasulo Dec.; Ex. F).[2]

YPI's repeated failure to provide any specific factual allegations about its alleged contract with Idearc renders its breach of contract claim wholly implausible.  Indeed, if there really was an "express[]" contract between YPI and Idearc, YPI readily could have attached a copy of that contract to its Complaint or, at the very least, quoted the pertinent provisions of that contract.  And if there really was an "implied" contract between the parties, it would be easy enough for YPI to identify the material terms of that contract in its pleadings.  Yet, even when faced with a motion to dismiss under Rule 12(b)(6), YPI was unable to identify any of the material terms of its alleged contract with Idearc.

Not only does YPI fail to identify the supposed contract upon which it bases its alleged claim, it also fails to allege how Idearc supposedly breached the unspecified contract at issue.  This pleading deficiency, in isolation, warrants the dismissal of YPI's Complaint.

Lastly, YPI fails to disclose how Idearc's alleged breach of some unidentified contract caused YPI to incur any damage, much less the $1,000,000 in damages demanded in the Complaint.  Instead, as with the other elements of its contract claim, YPI offers only "[c]onclusory allegations or legal conclusions masquerading as factual conclusions," *Achtman*, 464 F.3d at 337, and that is not enough to survive a motion to dismiss.[3]

---

[2]    *See also Sobek v. Quattrochi*, No. 03 Civ. 10219(RWS), 2004 WL 2809989, at *3 (S.D.N.Y. Dec. 8, 2004) (a complaint "must at least set forth the terms of the agreement upon which liability is predicated") (citations omitted) (July 26, 2007 Rasulo Dec.; Ex. D); *Ross v. FSG PrivatAir Inc.*, No. 03 Civ. 7292(NRB), 2004 WL 1837366, at *3 (S.D.N.Y. Aug. 17, 2004) ("while a 'plaintiff is not required to attach a copy of the contract or to plead its terms verbatim', a complaint in a breach of contract action must nevertheless 'set forth the terms of the agreement upon which liability is predicated.'") (citations omitted) (July 26, 2007 Rasulo Dec.; Ex. E).

[3]    In its opposition brief, YPI states that it did, in fact, file a "fully executed copy of the Complaint, which included the signature of YPI's attorney, with the Court," and attaches a "fully executed" copy of the Complaint to the Declaration of Raymond R. Wiss.  *See* YPI Br. at 13 n.1.  YPI fails to explain to the Court, however, that it did *not* serve such a "fully executed copy" of its Complaint on Idearc.  Instead, it served a copy of its Complaint *without* the requisite indorsement from YPI's attorney. (*See* July 26, 2007 Rasulo Dec.; Ex. A.)

## II.    YPI SHOULD NOT BE PERMITTED TO AMEND ITS COMPLAINT.

Implicitly acknowledging its failure to state a claim under Rule 12(b)(6), YPI seeks leave to amend its Complaint in the event that the Court grants Idearc's motion to dismiss. YPI Br. at 10-12. Idearc respectfully submits that the Court should deny YPI's request. YPI has had every opportunity to provide some factual support for its conclusory allegations, but has failed to do so. If there really was a factual basis for YPI's purported breach of contract claim, YPI could have set forth those facts in its Complaint. Or YPI could have amended its Complaint pursuant to Rule 15(a). Or YPI could have provided factual support for its claim in its opposition brief. But YPI did none of the above. Instead, YPI continues to recycle the same conclusory and unsupported allegations in its Complaint. By this point, it is abundantly clear that YPI simply cannot cure the pleading deficiencies that plague its Complaint.

It is telling that YPI has asked this Court for leave to amend upon dismissal of its Complaint without proposing *any* amendment for this Court's consideration. Instead, YPI merely states that "YPI has both a factual and legal basis to bring a breach of contract claim." YPI Br. at 12. Such a conclusory statement, without any factual basis whatsoever, does not provide this Court with an adequate basis to determine whether granting leave to amend upon dismissal is appropriate. *See Nat'l Union of Hosp. and Health Care Employees, et al. v. Carey*, 557 F.2d 278, 282 (2d. Cir. 1977) (refusing to allow an amended complaint when "appellants fail[ed] to disclose what additional allegations they would make which might lead to a different result"); *Tyler v. Dalsheim*, No. 82 Civ. 2467 (MJL), 1985 WL 554, at *3 (S.D.N.Y. Apr. 24, 1985) (denying plaintiff's motion for leave to amend his complaint because "he did not submit a proposed amendment . . . nor was there anything in the [plaintiff's] brief to indicate what an amended complaint would have contained") (citations omitted) (Aug. 31, 2007 Rasulo Dec.; Ex. A); *Washburn v. Madison Square Garden Corp.*, 340 F. Supp. 504, 509 (S.D.N.Y. 1972) (denial of leave to amend complaint upon dismissal appropriate when plaintiff did not present any facts which, if added to the complaint, would allow for survival of a motion to dismiss). Accordingly, YPI's request for leave to amend its Complaint should be denied.

## CONCLUSION

For the reasons set forth herein, and in Idearc's opening brief, Idearc respectfully requests that this Court dismiss this matter for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Idearc further requests that the Court deny YPI's request for leave to amend.


Dated:  August 31, 2007

       s/

Eric F. Leon (EL 5780)
Jacquelyn M. Rasulo (JR 9261)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Attorneys for Defendant
IDEARC MEDIA CORP.
