Eric F. Leon (EL 5780)
Jacquelyn M. Rasulo (JR 9261)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YELLOW PAGES, INC.,<br><br>                Plaintiff,<br><br>        - against -<br><br>IDEARC MEDIA CORPORATION,<br><br>                Defendant. | 07 CV 6221 (SCR)<br><br>ECF Case |

## DECLARATION OF JACQUELYN M. RASULO

JACQUELYN M. RASULO declares that the following is true and accurate:

1.  I am a member of the firm of Kirkland & Ellis LLP, counsel for Idearc Media Corporation ("Idearc"). I make this declaration in support of Idearc's reply memorandum in further support of Idearc's motion to dismiss.

2.  Attached hereto as Exhibit A is a true and accurate copy of *Tyler v. Dalsheim*, No. 82 Civ. 2467 (MJL), 1985 WL 554 (S.D.N.Y. Apr. 24, 1985).

Dated: August 31, 2007
       New York, NY

                                             s/
                          _____
                          Jacquelyn M. Rasulo

# EXHIBIT A

1985 WL 554
(Cite as: 1985 WL 554 (S.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court; S.D. New York.

**JAMES E. TYLER, et al., Plaintiffs,**
v.
**STEPHEN DALSHEIM, et al., Defendants.**

No. 82 Civ. 2467 (MJL).

April 24, 1985.

JAMES E. TYLER, 81-A-2889 Box 367 Merle Cooper Annex Dannemora, New York 12929, pro se.

LARRY OXENDINE, 81-A-4398 Woodburne Correctional Facility Riverside Drive Woodburne, New York 12788, pro se.

ROBERT ABRAMS Attorney General of the State of New York Two World Trade Center New York, New York 10047, for defendants DALSHEIM, HILL and LAROCCA; BY: STEPHEN M. JACOBY, ESQ. Assistant Attorney General.

MEMORANDUM OPINION AND ORDER

MARY JOHNSON LOWE, District Judge.

*1 This action was brought by two prisoners, James E. Tyler and Larry Oxendine, pro se, under 42 U.S.C. § 1983 to redress an allegedly tortious deprivation of their 8th amendment rights. Read liberally [FN1] the complaint alleges that on January 11, 1982, plaintiffs were released from their cells pursuant to threats and harassment of the prison guards, so that they might engage in fisticuffs for the entertainment of those guards. They allege that they were injured in the ensuing fight and that they received inadequate medical care after the incident. Plaintiffs seek damages and various forms of injunctive relief, including the removal of the defendants from their jobs. Plaintiffs also seek protection from prison personnel who they allege may harass them as a result of the filing of this action.

On September 11, 1984, this Court filed a scheduling order in the instant action requiring plaintiff Tyler as a pro se plaintiff to file a narrative written statement of the facts that he intends to offer at trial. Plaintiff Tyler was ordered to file such a statement by October 30, 1984. Defendants were then given 30 days from their receipt of plaintiffs' statement to file with this Court a responding statement. On October 29, 1984, plaintiff Tyler filed a narrative written statement in accordance with our scheduling order.

The defendants, Stephen Dalsheim, the Superintendent of Downstate Correctional Facility, and Corrections Officers Hill and LaRocca have moved to: (1) dismiss the complaint against Dalsheim; (2) stay discovery and imposition of the Court's scheduling order of September 11, 1984, (a) pending decision of Dalsheim's motion to dismiss, and (b) for 60 days to make a motion to dismiss or for summary judgment for defendants Hill and LaRocca; (3) compel plaintiff Oxendine to prosecute this action or be dismissed. These defendants also move to strike a document served on them by plaintiff Tyler which he labeled as an 'Answer'.

Plaintiff Tyler, in submissions received after the filing of defendants' motions, seeks: (1) the appointment of counsel; (2) leave to amend his complaint; (3) a court order allowing him to communicate with his co-plaintiff Oxendine in order to prepare for this suit; and (4) summary judgment in favor of plaintiffs because defendants have allegedly failed to comply with discovery requests.

DISCUSSION

Defendant Dalsheim moves to dismiss plaintiffs' complaint as against him, on the grounds that it fails to state a claim for which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). [FN2] Dalsheim contends that the complaint fails to allege that he had personal knowledge of, or was personally involved in, either the alleged instigation of the fistfight or the allegedly inadequate medical care that plaintiffs subsequently received.

'(P)ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978); Procunier v. Navarette, 434 U.S. 555 (1978). This does not however, require that the defendant personally perform the alleged wrongdoing. The personal involvement requirement for a supervisor may be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Wo



1985 WL 554
(Cite as: 1985 WL 554, *1 (S.D.N.Y.))

satisfied where 'the failure to supervise . . . was so severe as to reach the level of 'gross negligence' or 'deliberate indifference' to the deprivation of the plaintiff's constitutional rights'. Owens v. Haas, 601 F.2d 1242, 1246 (2d Cir.), cert. denied, 444 U.S. 980 (1979). On the other hand the mere failure to supervise would not be sufficient to establish liability under § 1983. Id., citing Rizzo v. Goode, 423 U.S. 362 (1976). Moreover, the theory of respondent superior cannot be a basis for the imposition of liability under § 1983. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978).

*2 In the instant action, plaintiffs have failed to allege that the complained of behavior of the corrections officers and medical personnel was, in any way, the product of Dalsheim's policies or practices. Nor have plaintiffs alleged any facts indicative of conduct by Dalsheim that even approaches the Second Circuit's standard of 'gross negligence' or 'deliberate indifference'. Therefore, this Court grants defendants' motion to dismiss the complaint as against defendant Dalsheim. See, e.g., Respress v. Coughlin, 585 F.Supp. 854, 859-60 (S.D.N.Y. 1984).

Defendants also seek an order from this Court compelling plaintiff Oxendine to comply with defendants' interrogatories served on September 24, 1984. In the alternative, defendants argue that plaintiff Oxendine's complaint should be dismissed for failure to prosecute. Plaintiff Oxendine has not responded to this motion.

This Court has filed a scheduling order requiring Oxendine to file a narrative written statement of the facts that he intends to offer at trial by April 15, 1985. [FN3] This order advised plaintiff Oxendine that his failure to file this statement or otherwise contact this Court on or before April 15, 1985, would be grounds for dismissal of his action for failure to prosecute pursuant to General Rule 5 of the local rules of this Court. To date, Oxendine has failed to respond to this Court's scheduling order. Accordingly, Oxendine is dismissed as a plaintiff herein for failure to prosecute.

With respect to plaintiff Tyler, defendants move to strike the document that he labeled as an 'Answer'. Defendants' motion appears to be moot, however, since this 'Answer' was never filed with the Clerk of this Court. Plaintiff Tyler, nonetheless, did file a memorandum of law in response to defendants' motion to strike, in which he explained that his 'Answer' was actually a motion for preliminary and permanent injunctive relief.

To establish a basis for an award of preliminary relief, a plaintiff must ordinarily meet one of two tests long recognized by this Circuit:
(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

Jack Kahn Music Co. v. Baldwin Piano & Organ Co., 604 F.2d 755, 758 (2d Cir. 1979), quoting Seaboard World Airlines, Inc. v. Tiger Int'l, Inc., 600 F.2d 355, 359 (2d Cir. 1979). See also, KMW Int'l v. Chase Manhattan Bank, N.A., 606 F.2d 10, 14 (2d Cir. 1979); Jackson Dairy Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam). Should plaintiff Tyler still seek to file a motion for injunctive relief, we suggest that he first consider this strict standard governing injunctive relief.

Plaintiff Tyler moves for summary judgment against defendants for their failure to reply to his discovery requests and the September 11, 1984 scheduling order. Plaintiff's motion for summary judgment is denied since defendants did make a timely request for a stay of discovery and to stay their answer to the scheduling order pending determination of their motion to dismiss.

*3 Plaintiff's motion for leave to amend his complaint is also denied because he 'did not submit a proposed amendment . . . nor was there anything in the [plaintiff's] brief to indicate what an amended complaint would have contained. . . . Under the circumstances a grant of leave to amend would [be] inappropriate.' Wolgin v. Simon, 722 F.2d 389, 394 (8th Cir. 1983). See Nat. U. of Hosp. & Health Care Emp., etc. v. Carey, 557 F.2d 278, 282 (2d Cir. 1977); Williams v. Wilkerson, 90 F.R.D. 168, 168-70 (E.D. Va. 1981); Washburn v. Madison Square Garden, 340 F.Supp. 504, 509 (S.D.N.Y. 1972).

Plaintiff Tyler also seeks appointment of counsel

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Wo



1985 WL 554
(Cite as: 1985 WL 554, *3 (S.D.N.Y.))

in this action, pursuant to 28 U.S.C. § 1915(d). The decision to appoint counsel is within this Court's discretion and requires a flexible and sensitive case by case approach. Among the factors and legal principles that should guide us in making this decision are: plaintiff's ability to afford a private attorney; plaintiff's efforts to obtain a lawyer; the legal merits of plaintiff's case; plaintiff's ability to gather and present crucial facts; and the complexity of legal issues raised in the complaint. Jenkins v. Chemical Bank, 721 F.2d 876, 880 (2d Cir. 1983).

We find that Tyler has made a sufficient showing of his inability to afford an attorney and his previous efforts to secure counsel. With regard to the merits of Tyler's claim, we interpret the gravamen of his complaint to allege that the 'forced' fistfight between Oxendine and Tyler constituted a violation of the Eighth Amendment right to be free from cruel and unusual punishment. In testing the sufficiency of Tyler's allegations for Section 1983 purposes, this Court must consider whether the conditions complained of were 'incompatible with 'the evolving standards of decency that mark the progress of a maturing society,' . . . or . . . 'involve(d) the unnecessary or wanton infliction of pain'.' Estelle v. Gamble, 429 U.S. 102, 103 (1976) (citations omitted); Scot v. Merola, 555 F. Supp. 230, 233 (S.D.N.Y. 1983).

Accepting Tyler's allegations as true, his charges of misconduct clearly suggest a deliberate infliction of human suffering in violation of his constitutional rights. We therefore find that Tyler's complaint has sufficient legal merit and we grant his motion for appointment of counsel.

Finally, plaintiff Tyler seeks an order from this Court allowing him to communicate with plaintiff Oxendine in order to prepare for this case. Tyler's request has been rendered moot since Oxendine has been dismissed from this action for failure to prosecute.

In conclusion, defendants' motion to dismiss the complaint as against defendant Dalsheim is granted. Defendants' motion to dismiss Oxendine as a plaintiff for failure to prosecute is also granted. Defendants' motion to strike Tyler's 'Answer' is moot, and is accordingly, denied. Defendants are given 30 days from the date of this decision to comply with this Court's scheduling order for plaintiff Tyler.

*4 Plaintiff Tyler's motion for appointment of counsel is granted. His motions for leave to amend the complaint, an order allowing him to communicate with Oxendine, and summary judgment are all denied.

It Is So Ordered.

FN1  See Haines v. Kerner, 404 U.S. 519, 520 (1972), Rehearing denied, 405 U.S. 948.

FN2  For purposes of this motion, the allegations in the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972)

FN3  Attached to the Court's scheduling order is a 'return receipt' from the U.S. Postal Services, indicating that a copy of this Court's order was delivered to Oxendine's authorized agent on March 19, 1985.

1985 WL 554 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Wo

Westlaw